UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 1:24-mj-00075 |
| | ) | |
| v. | ) | Charging Dist. Case No. 1:23-CR-21 |
| | ) | |
| DAVID LOPEZ-GUILLEN | ) | U.S. Mag. Judge Christopher H. Steger |

## **MEMORANDUM AND ORDER**

Defendant DAVID LOPEZ-GUILLEN ("Defendant") came before the Court on April 1, 2024, in accordance with Rules 5 and 5.1 of the Federal Rules of Criminal Procedure, for an initial appearance on an Indictment out of the United States District Court for the Western District of Kentucky at Bowling Green.

After being sworn in due form of law, Defendant was informed or reminded of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined that Defendant wished to be represented by an attorney. The Court determined that Defendant qualified for the appointment of an attorney to represent him at Government expense and appointed Michael Henry of Federal Defender Services of Eastern Tennessee, Inc., on a temporary basis to represent Defendant at his initial appearance and with respect to any further proceedings in this case in the Eastern District of Tennessee.

Defendant was furnished with a copy of the Indictment and had an opportunity to review that document with his attorney. The Court determined that Defendant was capable of being able to read and understand the Indictment. At the Court's request, AUSA Russ Swafford explained to Defendant the offenses detailed in the Indictment. Defendant acknowledged that he understood the offense with which he is charged in the Indictment. Defendant entered a plea of not guilty to the charge in the Indictment.

The Government moved that Defendant be detained without bond pending the trial of this case or further order of the Court. The Court explained to Defendant that he had a right to an identity hearing to determine whether he is the person named in the Indictment; a right to production of the warrant; and any detention hearing to which he may be entitled. The Court further explained to Defendant that he had a right to transfer these proceedings to the charging district, which, in this case, is the United States District Court for the Western District of Kentucky at Bowling Green.

Following consultation with his counsel, Defendant agreed to waive an identity hearing, production of the warrant, and a detention hearing in this Court, and to request transfer of those proceedings to the United States District Court for the Western District of Kentucky at Bowling Green [*See* Doc. 6]. The Court confirmed that Defendant would be entitled to such proceedings in the United States District Court for the Western District of Kentucky at Bowling Green at a date and time set by that Court.

It is, therefore, **ORDERED** that:

1. The Government's motion that Defendant be **DETAINED WITHOUT BOND** pending further proceedings in the United States District Court for the Western District of Kentucky at Bowling Green is **GRANTED**.

2. The U.S. Marshal **SHALL TRANSPORT** Defendant to the United States District Court for the Western District of Kentucky at Bowling Green.

3. The Clerk of Court for the Eastern District of Tennessee shall promptly transmit all documents relating to this case to the Clerk of Court for the United States District Court for the Western District of Kentucky at Bowling Green.

4. The Clerk of Court for the United States District Court for the Western District of Kentucky at Bowling Green shall immediately notify the United States Attorney for such district of Defendant's arrival so that further proceedings may be promptly scheduled.

**SO ORDERED.**

s/*Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE